UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAKOTA LINTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00448-JRS-DLP |
| | ) |
| WILLOUGHBY, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff Dakota Lintz, an inmate at Wabash Valley Correctional Facility ("WVCF"), brings this action pursuant to 42 U.S.C. § 1983. He is proceeding on Eighth Amendment excessive force claims against defendants Officer Willoughby and Officer Myers and on an Eighth Amendment failure to protect claim against Officer Myers. The defendants have filed a motion for summary judgment, arguing that this action must be dismissed because Mr. Lintz did not exhaust his available administrative remedies before filing suit in federal court. For the reasons explained below, the motion for summary judgment is **DENIED**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## BACKGROUND

### A.  Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 62-2. Upon an offender's entry into IDOC and when transferred to receiving facilities during incarceration, each offender is advised of the offender grievance process during offender admission and orientation. *Id.* at 7. The purpose of the grievance process is to provide offenders committed to IDOC with a means of resolving concerns and complaints related to the conditions

of their confinement. *Id.* at 1. Offenders may use the grievance process to raise concerns about "[a]ctions of individual staff, contractors, or volunteers." *Id.* at 3.

The complete offender grievance process consists of the following steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions; (2) a written appeal to the Warden/designee; and (3) a written appeal to the Department Grievance Manager. *Id.*

An offender may attempt to resolve the complaint informally "by discussing the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occur[ed]." *Id.* at 9. "If the offender is uncomfortable discussing the issue with that staff member, he may discuss the issue with the staff person's immediate supervisor." *Id.*

To submit a formal grievance, an offender must submit a completed State Form 45471 to the Offender Grievance Specialist within ten business days of the incident giving rise to the complaint. *Id.* State Form 45471 requires the offender to provide the following information: his facility, the date of filing, his name, his IDOC identification number, his signature, his housing assignment, the date of the incident, and a statement describing the complaint. *See* dkt. 62-4, p. 2. The form does not provide a section for the offender to describe his informal attempts to resolve the grievance. *Id.* Instead, the offender must provide evidence of these informal attempts by providing a returned Request for Interview form. Dkt. 62-2, p. 8-9.

After an offender submits a formal grievance, it is reviewed by the Offender Grievance Specialist. *Id.*, p. 10. The Offender Grievance Specialist either accepts the formal grievance or rejects it. *Id.* If the Offender Grievance Specialist rejects the formal grievance, the Offender Grievance Specialist sends the offender a Return of Grievance form that explains the reasons the

3

grievance was rejected and instructs the offender to resubmit a formal grievance within five business days. *Id.*

The grievance process allows offenders to appeal the grievance response to the facility Warden/designee. *Id.* at 11-12. The offender must submit the appeal within five business days of receiving the grievance response. *Id.* at 12. The grievance process does not appear to allow offenders to file an appeal if the formal grievance was rejected. *Id.* at 11-12.

The grievance process also allows offenders to appeal the Warden/designee's response to the Department Grievance Manager. *Id.* at 12-13. The offender must initiate this second-level appeal within five business days of receiving the response from the Warden/designee. *Id.* at 12. The grievance process does not appear to allow offenders to file a second-level appeal if the formal grievance was rejected. *Id.* at 12-13.

### B. Mr. Lintz's Attempts to Complete the Grievance Process

Mr. Lintz alleges that on June 25, 2019, Officer Willoughby punched him in the face and shoved his head into a door jamb. *See* dkt. 16, p. 2 (Order Screening the Complaint). Officer Myers allegedly pulled hard on the leash restraining Mr. Lintz, causing the handcuffs to cut into his wrists. *Id.* Officer Willoughby then shoved Mr. Lintz to the ground, put his knee into his back, and pressed his head into the floor. *Id.* Officer Myers then sat on his legs while Officer Willoughby gouged his left eye. *Id.* Mr. Lintz is proceeding on Eighth Amendment excessive force claims against Officer Willoughby and Officer Myers and an Eighth Amendment failure to protect claim against Officer Myers. *Id.* at 3.

On June 26, 2019, Mr. Lintz submitted a Request for Interview form to Offender Grievance Specialist B. Trimble describing the allegations against Officer Willoughby and Officer Myers. Dkt. 62-4, p. 3. On June 28, 2019, Trimble reviewed, signed, and returned the Request for

Interview form to Mr. Lintz. *Id.* Trimble's response states, "I have Lt. Nicholson looking into this matter." *Id.*

On July 2, 2019, Mr. Lintz submitted a formal grievance to Trimble on State Form 45471. Dkt. *Id.*, p. 2. The formal grievance describes the allegations against Officer Willoughby and Officer Myers. *Id.* Mr. Lintz attached a copy of his Request for Interview form to provide evidence of his attempts to resolve the complaint informally. *Id.* at 3.

On July 5, 2019, Trimble sent Mr. Lintz a Return of Grievance form. Trimble checked a box on the form that states, "There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five (5) days to begin that process." *Id.* at 1. At the bottom of the form, next to a box marked "Other," Trimble wrote, "See highlighted and need informal from Lt. Nicholson." *Id.*

There is no evidence that Mr. Lintz resubmitted a formal grievance after receiving the Return of Grievance form from Trimble. *See* dkt. 62-1, para. 25 (affidavit from Grievance Supervisor Thomas Wellington); dkt. 62-3 (Mr. Lintz's grievance history).

### III.
### DISCUSSION

**A. Exhaustion Standard**

The substantive law applicable to this motion for summary judgment is the PLRA, which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The

5

requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). The Supreme Court has held that "A centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an invigorated exhaustion provision." *Id.* at 84.

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants in this case bear the burden of demonstrating that Mr. Lintz failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

"If administrative remedies are not 'available' to an inmate, then an inmate cannot be required to exhaust." *Id.* at 684; *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). Administrative remedies are primarily "unavailable" to prisoners where "affirmative misconduct" prevents prisoners from pursuing administrative remedies. *Dole*, 438 F.3d at 809 (remedies unavailable where prison officials "do not respond to a properly filed grievance"); *see also Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir.2015) (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); *Kaba*, 458 F.3d at 680, 686 (remedies unavailable where prisoner presents evidence that prison personnel have "denied [prisoner] grievance forms, threatened him,

6

and solicited other inmates to attack him in retaliation for filing grievances"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004) (remedies unavailable where prison personnel prevent prisoner access to grievance forms). However, "unavailability" extends beyond "affirmative misconduct" to include omissions by prison personnel, particularly failing to inform the prisoner of the grievance process. *See King*, 781 F.3d at 895–96.

### B. Exhaustion of Remedies in this Case

Mr. Lintz properly exhausted the first step of the grievance process. He submitted a formal grievance on State Form 45471 describing the events that gave raise to the complaint within ten business days of the incident. He also provided a copy of his Request for Interview form, which provided evidence of his informal attempts to resolve the complaint. Trimble then improperly rejected Mr. Lintz's formal grievance. Trimble stated, incorrectly, that Mr. Lintz had not provided proof of his efforts to resolve the complaint informally and instructed him to resubmit his formal grievance within five business days.

The Seventh Circuit has held that administrative remedies are not "available" for purposes of the PLRA when prison officials screen out grievances for improper reasons. *See Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016). The defendants argue that Trimble properly rejected Mr. Lintz's formal grievance because his "formal Offender Grievance form did not indicate what efforts, if any, he made to informally report his grievance." Dkt. 63, p. 7. However, the IDOC Offender Grievance Process does not require offenders to describe their informal efforts on State Form 45471. Instead, offenders must provide evidence of their informal efforts by submitting a copy of their Request for Interview form. Dkt. 62-2, p. 8-9. Mr. Lintz satisfied this requirement, but his formal grievance was rejected anyway.

The defendants also appear to argue that the grievance process remained "available" to Mr. Lintz because he had the opportunity to submit a second formal grievance after Trimble had improperly rejected the first. Dkt. 63, p. 8. But the PLRA did not require Mr. Lintz to do the same thing over and over again and expect different results. He satisfied the first step of the grievance process, and the remaining steps were made unavailable by Trimble's improper rejection. Accordingly, the defendants' motion for summary judgment is **DENIED**.[1]

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment, dkt. [62], is **DENIED**.

The record before the Court shows that Mr. Lintz is entitled to summary judgment on the defendants' exhaustion defense. Pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in Mr. Lintz's favor on this issue. The defendants have until **April 5, 2021**, to respond to the Court's proposal. Alternatively, defendants may withdraw their affirmative defense by that date. The failure to meet this deadline will be interpreted as a withdrawal.

**IT IS SO ORDERED**.

Date:   3/24/2021

_James R. Sweeney_
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

---

[1] The defendants' other arguments, that Mr. Lintz made no effort to informally resolve his complaint, and that even if he did, Trimble properly rejected the grievance because she was unaware of those efforts, are belied by the record. Mr. Lintz's Request for Interview form—which Trimble reviewed, twice—documents his informal attempts to resolve the complaint before submitting a formal grievance on State Form 45471. Dkt. 62-4, p. 3.

Distribution:

DAKOTA LINTZ
261904
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov